# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MELINDA MODERSON and
LYNSEY SYDMARK,

                Plaintiffs,

v.

MFK MOBILELINK WISCONSIN,
LLC and MOBILELINK MICHIGAN,
LLC,

                Defendants.

Case No. 21-CV-504-JPS

**ORDER**

    On November 19, 2021, Defendant Mobilelink Michigan, LLC filed a motion to dismiss. (Docket #19). In order to most efficiently use its limited resources, the Court has adopted new protocols designed to meaningfully address dispositive motions:

> If dispositive motions are contemplated, the parties are directed to meet and confer prior to filing such a motion with the goal of preparing but a single, agreed-upon narrative of material facts for submission to the Court. For summary judgment motions, the parties must meet and confer at least 30 days prior to filing the motion. The agreed-upon statement of material facts must contain pinpoint citations to the record. Any disputed facts must be itemized and supported by each party's separate pinpoint citation to the record. Itemized disputed facts may not exceed one (1) page. In order to determine which facts are material for a given case, counsel must draw upon both relevant case authority and relevant jury instructions. If the parties cannot agree upon a set of facts, or if any of the disputed facts are material, then summary judgment is not appropriate. Fed. R. Civ. P. 56(a). In short, simply

because an attorney can submit a motion for summary judgment does not mean that they are obliged to do so.

If a party elects to submit a motion for summary judgment, they must be mindful of each of the following constraints. Parties may cite no more than ten (10) cases per claim on which the party moves for summary judgment; responses are also limited to ten (10) cases per claim. Reply briefs must conform with Civil Local Rule 56(b)(3) and may not address issues beyond the scope of the opposition brief. Additionally, though it should go without saying, the parties must have actually read the cases to which they cite. No string citations will be accepted.

Similarly, if defendants contemplate a motion to dismiss, the parties must meet and confer before the motion is filed. The defendants should take care to explain the reasons why they intend to move to dismiss the complaint, and the plaintiff should strongly consider filing an amended complaint. The Court expects this exercise in efficiency will obviate the need to file most motions to dismiss. Indeed, when the Court grants a motion to dismiss, it also grants leave to amend; therefore, it is in the interest of all parties to discuss the matter prior to filing such motions. Briefs in support of, or in opposition to, motions to dismiss should cite no more than ten (10) cases per claim. No string citations will be accepted.

Thus, in accordance with these new protocols, the Court will decline to address the pending motion until the parties comply with the meet-and-confer obligation, as detailed above. For now, the Court will deny the pending motion to dismiss without prejudice. If the parties are not able to resolve the pending motion without the Court's intervention, they must refile their motion with a joint certification stating that they have complied with the meet-and-confer obligation, along with the joint statement of facts, as described above. Only then will the Court consider the motion.

Accordingly,

**IT IS ORDERED** that Defendants' motion to dismiss (Docket #19) be and the same is hereby **DENIED without prejudice**; and

**IT IS FURTHER ORDERED** that, if the parties are not able to resolve the pending motion without the Court's intervention, they must refile their motion with a joint certification stating that they have complied with the meet-and-confer obligation, along with the joint statement of facts, as described above.

Dated at Milwaukee, Wisconsin, this 24th day of November, 2021.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge