# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MELINDA MODERSON and LYNSEY SYDMARK,<br><br>  Plaintiffs,<br><br>v.<br><br>MFK MOBILELINK WISCONSIN, LLC and MOBILELINK MICHIGAN, LLC,<br><br>  Defendants, | Case No. 21-CV-504-JPS<br><br>**ORDER** |

This case comes before the Court on Defendant Mobilelink Michigan, LLC's ("Mobilelink Michigan") motion to dismiss for lack of personal jurisdiction. ECF No. 26. For the reasons explained below, the Court will stay the motion pending jurisdictional discovery.

**1.     LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(2), a party may move to dismiss on the ground that the court lacks jurisdiction over it. Fed. R. Civ. P. 12(b)(2). A plaintiff bears the burden of establishing personal jurisdiction when the defendant contests it. *N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 491 (7th Cir. 2014). However, in cases such as this one, where the matter is decided on a motion to dismiss and without an evidentiary hearing, a plaintiff "need only make out a *prima facie* case of personal jurisdiction." *Id.* (quoting *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002)). "Personal jurisdiction must be established separately with respect to each claim and each defendant." *Jefferson Elec., Inc. v. Torres*, No. 09-C-465, 2009 WL 4884379, at *1 (E.D. Wis. Dec. 10, 2009).

Unlike some other challenges to a plaintiff's complaint, when questions of personal jurisdiction arise, a court may consider affidavits and other evidence outside of the pleadings. *Purdue Rsch. Found. v. Sanofi–Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). Indeed, a court may "accept as true any facts contained in the defendant's affidavits that remain unrefuted by the plaintiff." *GCIU-Emp. Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1020 n.1 (7th Cir. 2009). Nevertheless, the court will "accept as true all well-pleaded facts alleged in the complaint and resolve any factual disputes in the affidavits in favor of the plaintiff." *Purdue*, 338 F.3d at 782; *Felland v. Clifton*, 682 F.3d 665, 672 (7th Cir. 2012).

## 2. RELEVANT ALLEGATIONS

### 2.1 Procedural Background

Plaintiff Melinda Moderson ("Moderson") filed her initial complaint against Defendant MFK Mobilelink Wisconsin, LLC ("Mobilelink Wisconsin") on April 20, 2021, alleging claims on behalf of herself and a purported class and collective of other employees of Mobilelink Wisconsin. ECF No. 1. On September 12, 2021, the Complaint was amended to add the previously-unnamed Mobilelink Michigan as a defendant; it was also amended to include a new Plaintiff, Lynsey Sydmark ("Sydmark"), who alleges claims on behalf of herself and a purported class and collective of other employees of Mobilelink Michigan. ECF No. 15. Mobilelink Wisconsin answered the Amended Complaint on September 24, 2021, ECF No. 16, but Mobilelink Michigan did not. Mobilelink Michigan instead moved to dismiss the Amended Complaint against it for lack of personal jurisdiction. ECF No. 19.

On November 24, 2021, the Court denied without prejudice Mobilelink Michigan's first motion to dismiss. ECF No. 22. The Court

ordered that the parties meet and confer and craft a single, agreed-upon statement of material facts before filing any subsequent dispositive motions. *Id*. On December 15, 2021, counsel for both parties submitted a joint certification that they met and conferred. ECF No. 25. The statement noted that the parties were unable to come to a resolution on Mobilelink Michigan's contemplated motion to dismiss. *Id.* The same day, Mobilelink Michigan filed a renewed motion to dismiss for lack of personal jurisdiction, along with a joint statement of agreed-upon facts. ECF Nos. 26, 30.

In addition to the agreed-upon facts, each party cites to its own additional facts (Mobilelink Michigan submitted a one-page statement of additional itemized facts, in accordance with the Court's meet-and-confer order, ECF No. 31; Sydmark discusses additional facts throughout her response brief, *see* ECF No. 38). The Court's joint-statement-of-facts requirement is meant to obviate the need for the Court to decipher the underlying facts. However, where the parties have largely complied with the Court's mandate, the Court will follow binding Seventh Circuit precedent to resolve factual discrepancies, at this stage, in Sydmark's favor. The Court will note which facts were not jointly agreed upon.

### 2.2 Factual Background

All of the claims against Mobilelink Michigan are brought by Sydmark, a former employee of Mobilelink Michigan, on behalf of herself and all other hourly-paid, non-exempt employees of Mobilelink Michigan. ECF No. 30 ¶ 3. In the Amended Complaint, Sydmark seeks relief under federal and Michigan law for unpaid overtime compensation. ECF No. 15. Specifically, Sydmark alleges that Mobilelink Michigan operated (and continues to operate) an unlawful compensation system that deprived

Page 3 of 11
Case 2:21-cv-00504-JPS   Filed 04/20/22   Page 3 of 11   Document 41

Sydmark and all other hourly-paid, non-exempt employees of their wages earned for all compensable work performed each workweek. *Id.* at 2. The alleged deprivation included an overtime rate of pay for each hour worked in excess of forty hours in a workweek. *Id.* The present motion focuses solely on those claims against Mobilelink Michigan.

The parties agree that Mobilelink Michigan operates Cricket Wireless stores in the State of Michigan, including a store located in Iron Mountain, Michigan, in Michigan's Upper Peninsula (the "Iron Mountain Store"). ECF No. 30 ¶ 4. Another entity, MFK, LLC, ("MFK") employs the executive management and corporate staff and serves as the home office for the many Mobilelink entities operating in different states, including Mobilelink Michigan and Mobilelink Wisconsin. *Id.* ¶ 5. MFK establishes the corporate policies that all Mobilelink entities are expected to follow. *Id.* ¶ 6. It also provides payroll and human resource services to the individual entities. *Id.* MFK and its corporate staff are located in Texas. *Id.* ¶ 7. State-level entities, such as Mobilelink Michigan and Mobilelink Wisconsin, often employ Territory Managers, who oversee store locations in a given territory. *Id.* ¶ 8 Store Managers of the local stores report directly to Territory Managers. *Id.* Territory Managers report to Regional Sales Managers or Vice Presidents, both of whom are employed by MFK. *Id.* ¶ 9.

Sydmark, a store manager for the Iron Mountain Store,[1] reported to Jody Jordens ("Jordens"), a Territory Manager employed by Mobilelink Wisconsin. *Id.* ¶ 10. Jordens, herself a resident of Wisconsin, acted as Territory Manager for the Northern Wisconsin territory. *Id.* The Northern Wisconsin territory includes stores in both northern Wisconsin and the

---

[1] ECF No. 38 at 6.

Upper Peninsula of Michigan. *Id.* ¶¶ 11, 12. As the Northern Wisconsin Territory Manager, Jordens oversaw stores operated in Wisconsin by Mobilelink Wisconsin and stores operated in the Upper Peninsula of Michigan by Mobilelink Michigan. *Id.* ¶ 13.

In addition to those stipulated facts above, Sydmark avers in her response brief that Mobilelink Michigan maintains four stores in Michigan's Upper Peninsula, and she stresses that the Iron Mountain Store is right on the border of Michigan and Wisconsin. ECF No. 38 at 5. She expounds that Jordens's Northern Wisconsin territory consisted of three stores in Wisconsin (operated by Mobilelink Wisconsin) and the four stores in the Upper Peninsula (operated by Mobilelink Michigan). *Id.* at 6.

### 3. ANALYSIS

In a federal-question case, "a federal court has personal jurisdiction over the defendant if either federal law or the law of the state in which the court sits authorizes service of process to that defendant." *Mobile Anesthesiologists Chic., LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010) (citation omitted). The federal statute under which Sydmark sues (the Fair Labor Standards Act) does not allow for nationwide service of process. *See, e.g., Parker v. IAS Logistics DFW, LLC*, No. 20 C 5103, 2021 U.S. Dist. LEXIS 171095, at *2 (N.D. Ill. Sep. 9, 2021). Thus, personal jurisdiction exists only if (1) Wisconsin law authorizes service of process on a defendant in Michigan and (2) such service comports with Due Process. *See Global Imaging Acquisitions Grp., LLC v. Rubenstein*, 107 F. Supp. 3d 961, 963 (E.D. Wis. 2015). But since the "Wisconsin long-arm statute, governing service of process, has been interpreted to confer jurisdiction to the limits of due process," these two inquiries often collapse into one, allowing the Court to "focus only on whether due process authorizes

personal jurisdiction and . . . not perform a separate inquiry under the long-arm statute." *Id.* at 963–64 (citation omitted).

Due Process prohibits a state from binding a nonresident defendant to a judgment of its courts unless the nonresident has "certain minimum contacts . . . such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice,'" consistent with the Due Process Clause of the Fourteenth Amendment. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citation omitted). Those traditional notions of fairness mean that a defendant may not be forced to appear in a distant court unless it has done something to make it "reasonably anticipate being haled into court there." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (citation omitted).

There are two ways in which a nonresident defendant might reasonably anticipate being haled into an out-of-state court, which courts have labeled specific and general jurisdiction. In the first, the defendant must have "purposefully directed" his activities at the forum state and the alleged injury must arise from those forum-directed activities. *Id.* at 472. In the second, the defendant must have such extensive and regular contact with the state that he may be fairly called into that state's court "to answer for any alleged wrong, committed in any place, no matter how unrelated to the defendant's contacts with the forum." *Abelesz v. OTP Bank*, 692 F.3d 638, 654 (7th Cir. 2012). Because general jurisdiction does not depend on any connection between the underlying claim and the forum, the threshold for minimum contacts is much higher: his contacts with the forum state must be so extensive and pervasive as to make him "essentially at home" in the forum. *Id.*

To begin, no party can faithfully argue—and no party does so here—that a Wisconsin court has general jurisdiction over Mobilelink Michigan. Any contacts that Mobilelink Michigan has with Wisconsin are a far cry from "continuous and systematic." *Int'l Shoe Co.*, 326 U.S. at 317. Thus, this matter turns on whether the Court can maintain specific jurisdiction over Mobilelink Michigan.

When the Court is proceeding under specific personal jurisdiction, the standard for determining whether such jurisdiction comports with due process "may be condensed to three essential requirements:"

> (1) the defendant must have purposefully availed himself of the privilege of conducting business in the forum state or purposefully directed his activities at the state; (2) the alleged injury must have arisen from the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with traditional notions of fair play and substantial justice.

*Felland*, 682 F.3d at 673 (internal citations omitted).

Throughout the Amended Complaint, Sydmark makes statements that appear to recognize that Mobilelink Wisconsin and Mobilelink Michigan are separate corporate entities and that Mobilelink Michigan solely operates within the state of Michigan. For instance, Plaintiffs' Amended Complaint states,

> During the three (3) years immediately preceding the filing of this Complaint . . . Defendant Mobilelink Michigan established Plaintiff Sydmark's and all other hourly-paid, non-exempt employees' work schedules *in the State of Michigan* and provided Plaintiff Sydmark and all other hourly-paid, non-exempt employees *in the State of Michigan* with work assignments and hours of work.

ECF No. 15 ¶ 41; *see also* ECF No. 15 ¶¶ 11, 14, 16, 38–40, 42–44, 48, 51, 108. As recognized above, *supra* Section 1, when questions of personal

jurisdiction arise, a court may go beyond the pleadings to determine whether it can maintain personal jurisdiction over a party. *Purdue Rsch. Found.*, 338 F.3d at 782. As the record in this case stands, however, doing so here does not help Sydmark.

To determine whether the present suit "arises out of" Mobilelink Michigan's contacts with Wisconsin, the Court "cannot simply aggregate all of a defendant's contacts with a state—no matter how dissimilar in terms of geography, time, or substance—as evidence of the constitutionally-required minimum contacts." *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1277 (7th Cir. 1997). "[M]erely because a plaintiff's cause of action arose out of the general relationship between the parties [is not enough]; rather, the action must *directly arise* out of the specific contacts between the defendant and the forum state." *Id.* at 1278 (quoting *Sawtelle v. Farrell*, 70 F.3d 1381, 1389 (1st Cir. 1995)). The only contact that Sydmark can point to between Mobilelink Michigan and the state of Wisconsin is that its four store managers in the Upper Peninsula of Michigan reported to a territory manager employed by Mobilelink Wisconsin (Jordens).

Sydmark argues that, without jurisdictional-contacts discovery, the record before the Court is incomplete. ECF No. 38 at 7. If it is true that wage-and-hour decisions were the prerogative solely of MFK and were effectuated as to Michigan employees solely by Mobilelink Michigan, then this Court cannot maintain jurisdiction. The process powers of Wisconsin reach only to those specific contacts between the Upper Peninsula Mobilelink Michigan store managers and the territory manager based out of Wisconsin. Due process would not allow Wisconsin's jurisdiction to extend to a wage-and-hour dispute between Mobilelink Michigan and its Michigan employees. However, if discovery reveals that Jordens

maintained managerial oversight and direction of Mobilelink Michigan's hourly-paid, non-exempt store employees (including Sydmark) regarding timekeeping, payroll, non-discretionary bonus plans, and overtime compensation, this Court may have specific jurisdiction over Mobilelink Michigan as to the claims in this case.

The Seventh Circuit has held that it is within the discretion of the district court to allow a plaintiff to conduct limited discovery in order to establish that jurisdiction exists. *Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 947 (7th Cir. 2000). The only limits on this discretion are that a plaintiff must first make out a prima facie case that jurisdiction exists. *Id.* ("At a minimum, the plaintiff must establish a colorable or prima facie showing of personal jurisdiction before discovery should be permitted."). More recently, this District has agreed that "a plaintiff is entitled to jurisdictional discovery if he or she can show that the factual record is at least ambiguous or unclear on the jurisdictional issue." *CoVantage Credit Union v. Blue Cross Blue Shield of Mich. Mut. Ins. Co.*, 2021 WL 4991321, at *4 (E.D. Wis. Oct. 27, 2021) (quoting *Andersen v. Sportmart, Inc.*, 179 F.R.D. 236, 241 (N.D. Ind. 1998)). Sydmark has done so. The Court will grant Sydmark's motion for leave to conduct jurisdictional discovery on the limited issue of Mobilelink Michigan's minimum contacts with the State of Wisconsin, ECF No. 37.[2]

---

[2]At this juncture, the Court makes no judgment on Sydmark's arguments concerning vertical and horizontal veil piercing. ECF No. 38 at 9–11. After discovery, if Sydmark can show that Jordens played some role in Mobilelink Michigan's employees' wages-and-hour matters, that may be enough to establish personal jurisdiction without the need to engage in veil piercing. Further, Mobilelink Michigan's arguments against veil piercing and discussion of the cases cited by Sydmark are potentially meritorious. If Sydmark finds that she still desires to pursue her veil-piercing theory, she may later return to the Court asking

## 4. CONCLUSION

The Court will stay its decision on Mobilelink Michigan's motion to dismiss for lack of personal jurisdiction until the parties conduct limited jurisdictional discovery. Sydmark has leave of the Court to conduct limited depositions and to make written discovery requests targeted at the relationship between Jordens and Mobilelink Michigan's employees. The parties are directed to complete discovery within thirty (30) days of the date of this Order. Thereafter, Sydmark may submit an additional brief in response to the motion to dismiss within twenty-one (21) days from the date of the close of jurisdictional discovery. Mobilelink Michigan may submit its reply within fourteen (14) days of service and filing of the Sydmark's response.

Finally, the Court will grant Defendants' motion to stay discovery, ECF No. 34, subject to the limited exception of this Order regarding jurisdictional contacts. Plaintiffs have not filed an opposition to this motion. This stay will be effective until final disposition of Mobilelink Michigan's motion to dismiss.

Accordingly,

**IT IS ORDERED** that Mobilelink Michigan's motion to dismiss for lack of personal jurisdiction, ECF No. 26, be and the same is hereby **STAYED** until the parties conduct limited jurisdictional discovery;

**IT IS FURTHER ORDERED** that Sydmark's motion for discovery on jurisdictional contacts, ECF No. 37, be and the same is hereby **GRANTED** as discussed in the body of this Order; the parties are to

---

for such permission, taking care to address Mobilelink Michigan's reply brief, ECF No. 40.

Page 10 of 11
Case 2:21-cv-00504-JPS   Filed 04/20/22   Page 10 of 11   Document 41

complete jurisdictional discovery within thirty (30) days of the date of this Order; thereafter, Sydmark may submit an additional response to the motion to dismiss within twenty-one (21) days from the date of the close of jurisdictional discovery; Mobilelink Michigan may submit its reply within fourteen (14) days of service and filing of Sydmark's response; and

**IT IS FURTHER ORDERED** that Defendants' motion to stay discovery, ECF No. 34, be and the same in hereby **GRANTED**, as explained in the body of this Order.

Dated at Milwaukee, Wisconsin, this 20th day of April, 2022.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge